# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:23-cv-207-GCM

| | | |
|---|---|---|
| BRANDON NEAL HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRIS SHEW, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff has paid the full filing fee.[1]

## I. BACKGROUND

The pro se Plaintiff, who is a pretrial detainee at the Wilkes County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and as a "Tort Claim." [Doc. 1 at 1]. He names as Defendants: Wilkes County; Chris Shew, the Sheriff of Wilkes County; Jason Whitley, a Wilkes County Sheriffs' Department (WCSD) major; and Shelby Wyatt, a WCSD captain. He asserts claims for "1st 2nd 5th 8th 14th 'Bill of Rights'" and "Due Process of law," stating "Bond and will not take to Court." [Id. at 2, 4]. For injury, he states "[y]es mental." [Id. at 4]. He seeks "[r]elease from Jail, over $25,000 a day or 1 million dollars a day." [Id. at 5]. He has attached to the Complaint: handwritten notes; and pro se Motions that he appears to have filed in the Wilkes

---

[1] Accordingly, the Plaintiff's pending IFP Application [Doc. 5] will be denied as moot, and the Order for a prisoner trust account statement [Doc. 7] will be vacated.

County Superior Court, seeking *inter alia* self-representation, counsel's dismissal, and his criminal cases' dismissal due to excessive bond.  [Id. at 7-20].

## II.  STANDARD OF REVIEW

Notwithstanding Plaintiff's payment of the filing fee, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A(a), the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

2

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001).

Here, the Plaintiff's allegations are also so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff has presented no factual allegations; he merely cites legal theories and attaches papers to the Complaint without explaining their significance. See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants). The Plaintiff has failed to state a plausible claim against any Defendant pursuant to § 1983, Bivens, or any other theory. The Complaint will, therefore, be dismissed without prejudice.

Moreover, to the extent that the Plaintiff is seeking relief in his criminal case, such is not

3

cognizable in this civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. §§ 2241, 2254. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[2]

## IV.   CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915A and it is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to proceed in forma pauperis [Doc. 5] is **DENIED AS MOOT** in light of Plaintiff's payment of the filing fee.

2. The Order requiring Plaintiff's inmate trust account statement [Doc. 7] is **VACATED**.

---

[2] The Court will instruct the Clerk to mail the Plaintiff a § 2241 form in an abundance of caution. The Court makes no determinations about the potential merit or procedural viability of such an action.

3.  The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

4.  The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 habeas form, and a copy of this Order.  The Clerk is also respectfully instructed to mail a copy of this Order to the Wilkes County Jail, Prisoner Trust Fund Dept., 502 Courthouse Dr. Wilkesboro, NC 28697.

**IT IS SO ORDERED.**

Signed: March 21, 2024

Graham C. Mullen
United States District Judge