# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:23-cv-207-GCM

| | | |
|---|---|---|
| BRANDON NEAL HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRIS SHEW, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint.

[Doc. 9]. The Plaintiff has paid the full filing fee.

## I.  BACKGROUND

The pro se Plaintiff, who is a pretrial detainee at the Wilkes County Jail (WCJ), filed this

civil rights action pursuant to 42 U.S.C. § 1983, <u>Bivens v. Six Unknown Named Agents of Fed.</u>

<u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), and as a "Tort Claim." [Doc. 1 at 1]. The vague and

conclusory Complaint failed initial review and the Court granted the Plaintiff the opportunity to

amend. [Doc. 8]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

The Plaintiff now names as Defendants in their official capacities: Chris Shew, the

Sheriff of Wilkes County; Jason Whiltey, a WCJ senior officer; and Shelby Wyatt, a WCJ

captain. He claims that:

> My 8th Amd was violated 14 Dec 2022 to present a bond set by Mr. Leach Mrs.
> Mcguire of 1 mil $ to prevent my charge trying to save my vow to god VIA text
> message. Texting my wife.

[<u>Id.</u> at 4] (errors uncorrected). For injury, he claims:

> I have PTSD from the 5 combat tours 58 months in a combat zone as an infantry

sniper 2 bronze starts 1 purple heart. Depression, anxiety mood swings wasn't able to see my primary care provider the VA 16 months counting much worse headaches.

[Id. at 5] (errors uncorrected). The Plaintiff appears to seek a declaratory judgment and injunctive relief, *i.e.* for "Mr. Leach Mrs. McGuire Wilkes County Jail to be investigated for violating [Plaintiff's] 8th Amd rights."[1] [Id.] (errors uncorrected).

## II.   STANDARD OF REVIEW

Notwithstanding Plaintiff's payment of the filing fee, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A(a), the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

[1] The Plaintiff seeks relief that is beyond the purview of this civil rights action. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence ..., a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")).

2

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 9 at 4 (referring to "Mr. Leach" and "Mrs. Mcguire"); see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity.").  The allegations directed at individuals not named as Defendants are, therefore, dismissed.

The Plaintiff sues the Defendants, who appear to be employees of the Wilkes County Sheriff's Department, solely in their official capacities.  Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691)  That is, "[f]or a governmental entity to be

3

liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

The Plaintiff's allegations are again so vague and conclusory that they fail to satisfy the most basic pleading requirements, and they are dismissed for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 8 at 3]. Further, the Plaintiff has not alleged any facts that would plausibly suggest that a policy or custom resulted in the violation of his constitutional rights and his official capacity claims cannot proceed. See Monell, 436 U.S. 658, 694.

The Plaintiff's allegations are also increasingly bizarre and disjointed such that the Court finds them to be frivolous. See 28 U.S.C. § 1915A; Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

Accordingly, the Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

IV.    CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Amended Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted

4

pursuant to 28 U.S.C. § 1915A.

**<u>ORDER</u>**

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 9] is **DISMISSED**

**WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: May 7, 2024

Graham C. Mullen
United States District Judge